WATERFRONT COMMISSION OF NEW YORK HARBOR, Plaintiff, *v.* INTERNATIONAL LONGSHOREMEN'S ASSOCIATION, INDEPENDENT, et al., Defendants.

Supreme Court, Special Term, New York County, April 21, 1954.

*Brenner, Hannan & Murphy* for defendants.

*Lawrence E. Walsh, Whitman Knapp, Sol Neil Corbin* and *Donald Zimmerman* for plaintiff.

SCHREIBER, J. To the extent that it is sought to set aside service of process upon defendants, this motion is denied. By moving to vacate the temporary stay granted by order of April 2, 1954, the defendants appeared generally and waived the right to contest the court's jurisdiction over them.

Indeed, defendants are in this very motion combining an attack upon the court's jurisdiction over them with a request that the court deny injunctive relief on the ground that no injunctive relief may be granted under section 876-a of the Civil Practice Act, without a prior oral hearing. Section 237-a of the Civil Practice Act provides that to combine an objection to jurisdiction over the person with an objection to the merits, waives the objection to jurisdiction.

The claim that section 876-a of the Civil Practice Act is applicable here is overruled. The injunction is sought by the plaintiff, Waterfront Commission of New York Harbor, pursuant to section 5-f of the Waterfront Commission Act, which authorizes the commission to maintain a civil action to prevent interference with, or conspiracies to interfere with, the enforcement of the provisions of the compact between New York and New Jersey (L. 1954, ch. 220; L. N. J. 1954, ch. 14). Plaintiff seeks to restrain acts which have an unlawful objective, viz.: to compel the waterfront commission to accede to defendants' demands by rescinding suspensions of the registrations of various longshoremen for acts of violence and other illegal conduct.

Section 876-a of the Civil Practice Act does not bar injunctive relief against acts of labor unions which have no lawful objective (*Goodwins, Inc.,* v. *Hagedorn,* 303 N. Y. 300, 305; *Opera On Tour* v. *Weber,* 285 N. Y. 348, 359, 360).

The claim that the National Labor Relations Board and the Federal courts have exclusive jurisdiction of the subject matter of this action is also overruled. The acts sought to be enjoined, directed at governmental action, and not at any employers or employees, are not unfair labor practices which are within the protection of the National Labor Management Relations Act. (See *National Labor Relations Bd.* v. *Bretz Fuel Co.,* 210 F. 2d 392.) The injunction granted by the Federal court was not directed at the activities here sought to be enjoined but only at the use of violence and other intimidating conduct, directed at employees, in violation of the Federal act (61 U. S. Stat. 140; U. S. Code, tit. 29, § 158, subd. [b], par. [1], cl. [A]).

This motion is accordingly denied in all respects, with leave to answer within ten days from the service of a copy of this order, with notice of entry.